IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CAMEREN JACKSON<br>1011 Country Creek Lane<br>Toledo, Ohio, 43607<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>AMAZON.COM SERVICES, LLC<br>410 Terry Ave. North,<br>Seattle, Washington, 98109-5210<br><br>　　**Serve also:**<br>　　Corporation Service Company,<br>　　Registered Agent<br>　　1160 Dublin Road, Suite 400<br>　　Columbus, OH 43215<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br><br>**COMPLAINT FOR VIOLATIONS<br>OF THE FAIR LABOR STANDARDS<br>ACT AND OHIO FAIR MINIMUM<br>WAGE STANDARDS ACT** |

Plaintiff, Cameren Jackson, by and through undersigned counsel, as his Complaint against Defendant, states and avers the following:

## PARTIES.

1. Jackson is an individual residing in Lucas County, Ohio.

2. Amazon.com Services, LLC ("Amazon") is a Delaware Corporation that owns and operates warehouses, distribution centers, and consumer-facing retail locations throughout Ohio.

## PERSONAL JURISDICTION.

3. Amazon owns or rents property in Ohio, hires citizens of the state of Ohio, and contracts with companies in Ohio. As such, the exercise of personal jurisdiction over Amazon comports with due process.

4. This cause of action arose from or relates to the contacts of Amazon with Ohio residents, thereby conferring specific jurisdiction over Amazon.

## SUBJECT MATTER JURISDICTION AND VENUE.

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the OMFWSA claim because that claim derives from a common nucleus of operative facts, namely Jackson's employment with Amazon.

7. Venue is proper in this District because Amazon does a sizeable portion of its business in this District and all of the wrongs herein alleged occurred in this District.

## FLSA COVERAGE.

8. At all times referenced herein, Amazon formed an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

## OMFWSA COVERAGE.

9. At all times referenced herein, Amazon was Jackson's "employer" as that term is defined by Article II, Sec. 34a of the Ohio Constitution.

## FACTUAL ALLEGATIONS.

10. Jackson is a former employee of Amazon.

11. Jackson worked for Amazon at its fulfilment center located at 27400 Crossroad Parkway in Rossford, Ohio.

12. Jackson began his employment with Amazon on or about November 20, 2024.

13. Jackson's job duties involved scanning packages and loading trucks.

14. Jackson was paid was paid $18.00 per hour.

15. Jackson was to be paid on a weekly basis, for the hours worked in the week prior to the pay day week.

16. For example, Jackson was to be paid for the hours he worked between November 20, 2024 and November 23, 2024 on November 29, 2024.

17. At the time Jackson was hired, he signed up to be paid via direct deposit to his bank account.

18. For reasons unknown, Amazon failed to pay Jackson via direct deposit.

19. Jackson did not receive his first paycheck, which was due to paid to him on November 29, 2024.

20. Subsequently, Jackson made Amazon aware that he had not been paid.

21. After investigating Jackson's complaint about not being paid, Amazon verified Jackson's banking information and issued him a paper check.

22. Jackson worked between November 24, 2024 and November 30, 2024.

23. Jackson should have been paid for the hours he worked between November 24, 2024 and November 30, 2024 on December 6, 2024.

24. Jackson was not paid for the hours he worked between November 24, 2024 and November 30, 2024.

25. Jackson again complained to Amazon about not being paid.

26. Jackson was told that Amazon would have to "look into" why he had not been paid.

27. Jackson worked between December 1, 2024 and December 7, 2024.

28. Jackson should have been paid for the hours he worked between December 1, 2024 and December 7, 2024 on December 13, 2024.

29. Jackson was not paid for the hours he worked between December 1, 2024 and December 7, 2024.

30. Jackson again complained to Amazon about not being paid.

31. Amazon again told Jackson that it would look into his complaint about not being paid.

32. Between December 6, 2024 and December 14, 2024, Jackson made multiple complaints to Amazon about not being paid.

33. Amazon failed to pay Jackson.

34. Because Jackson had not been paid, he could no longer pay for gasoline to drive to work.

35. Jackson sought and received permission from his supervisor to take time off from work until Amazon could fix his pay issues.

36. Jackson reported to work on December 14, 2024.

37. Amazon terminated Jackson upon his arrival at work, citing his recent (approved) absences.

38. Jackson received no warning that his absences were unexcused.

39. Jackson was never written up for his attendance prior to his termination.

40. Upon information and belief, Amazon retained hourly employees at its Rossford, Ohio facility with worse attendance records than Jackson.

41. In reality, Jackson was terminated in retaliation for his multiple complaints about not being paid, in violation of the FLSA and OMFWSA.

42. To this day, Amazon has yet to pay Jackson for the hours he worked between November 24, 2024 and his termination on December 13, 2024.

43. As a result of Amazon's wrongful conduct, Jackson has suffered damages.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT.

44. Jackson re-alleges and incorporates by reference the allegations set forth in paragraphs 1-43, above.

45. The FLSA requires each covered employer, such as Amazon, to pay all non-exempt employees at least the minimum wage for all hours worked.

46. Throughout his employment with Amazon, Jackson was non-exempt from the minimum wage requirements of the FLSA.

47. Amazon failed to pay Jackson at least the minimum wage for the hours he worked between November 24, 2024 and his termination on December 14, 2024.

48. In stealing wages from Jackson, Amazon acted without a good faith belief that their conduct conformed with the legal requirements of the FLSA.

49. Jackson is entitled to all legal and equitable remedies available for Defendants' violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

**COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGES STANDARDS ACT.**

50. Jackson re-alleges and incorporates by reference the allegations set forth in paragraphs 1- 49, above.

51. In 2024, the OMFWSA required employers to pay a minimum wage of at least $10.45 per hour to all non-exempt employees.

52. In denying Jackson compensation at the requisite Ohio minimum wage rate, Amazon violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

53. As a direct and proximate result of Amazon's unlawful conduct, Jackson has suffered and will continue to suffer a loss of income and other damages.

54. Having violated the OMFWSA, Amazon is liable to Jackson for the full amount of his unpaid minimum wages, exemplary damages, and for his costs and reasonable attorneys' fees.

**COUNT III: VIOLATION OF THE OHIO PROMPT PAY ACT.**

55. Jackson re-alleges and incorporates by reference the allegations set forth in paragraphs 1-54, above.

56. During all times material to this complaint, Amazon was an entity covered by the OPPA; and Jackson was employed by Amazon within the meaning of OPPA.

57. The OPPA required that Amazon pay Jackson all wages, including unpaid minimum wage and overtime, on or before the first day of each month, for wages earned by Jackson during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of the month, for wages earned by Jackson during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

58. During all times material to this complaint, Jackson was not paid the wage to which he was entitled within 30 days of performing the work. *See* O.R.C.§ 4113.15(B).

59. In violating the OPPA, Amazon acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT IV: BREACH OF IMPLIED CONTRACT.

60. Jackson re-alleges and incorporates by reference the allegations set forth in paragraphs 1-59, above.

61. Amazon offered to pay Jackson $18.00 per hour for his work.

62. Jackson accepted Amazon's offer.

63. Jackson' performance of work for Amazon constituted acceptance of Amazon's offer of employment.

64. Although it was late, Jackson's first paycheck was paid at the rate of $18.00 per hour, as agreed.

65. Thereafter, Amazon failed to pay Jackson as agreed.

66. An award of unpaid minimum wage is not sufficient to make Jackson whole for the wages he was promised, but denied.

6

67. Amazon's failure to pay Jackson at the rate of $18.00 per hour for work he performed in the weeks and days immediately preceding his resignation constitutes a breach of implied contract.

68. As a direct and proximate cause of Amazon's wrongful conduct, Jackson suffered and will continue to suffer damages.

## COUNT V: PROMISSORY ESTOPPEL.

69. Jackson re-alleges and incorporates by reference the allegations set forth in paragraphs 1-68, above.

70. Amazon represented to Jackson that he would be paid, on an hourly basis, $18.00 per hour.

71. Jackson relied on Amazon's representations.

72. It was reasonable for Jackson to rely on Amazon's representations.

73. Jackson's reliance on Amazon's representations caused him to accept employment with Amazon.

74. Amazon did not compensate Jackson for the work he performed between November 24, 2024 and his termination on December 13, 2024.

75. Jackson's reliance on Amazon's representations was detrimental to him.

76. As a direct and proximate cause of Amazon' wrongful conduct, Jackson suffered and will continue to suffer damages and injustice can be avoided only by enforcing the promise Amazon made to Jackson.

## COUNT VI: UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(A)(3).

77. Jackson re-alleges and incorporates by reference the allegations set forth in paragraphs 1- 76, above.

78. Pursuant to 29 U.S.C. § 215(a)(3), it is unlawful for any person to retaliate against an employee who seeks to enforce that or other employee's rights under the FLSA.

79. Amazon unlawfully terminated Jackson after he made protected complaints about Amazon's failure to pay him.

80. Amazon violated 29 U.S.C. § 215(a)(3) of the FLSA and showed reckless disregard of the provisions of the FLSA concerning retaliation by taking adverse actions against Jackson because he engaged in protected activity.

81. As a result of Amazon's deliberate, unlawful, and willful acts as set forth above, Jackson has suffered loss of earnings, earnings potential, other significant economic benefits, and emotional distress.

**COUNT VII: UNLAWFUL RETALIATION
IN VIOLATION OF OHIO R.C.§ 4111.13 AND THE OHIO CONSTITUTION.**

82. Jackson re-alleges and incorporates by reference the allegations set forth in paragraphs 1- 81, above.

83. Pursuant to R.C. § 4111.13(B) as interpreted in light of R.C. § 4111.02, Article II, Section 34a of the Ohio Constitution, and 29 U.S.C. §203(d), it is unlawful for any person to retaliate against an employee who seeks to enforce that employee's rights under the OMFWSA.

84. Article II, Section 34a of the Ohio Constitution provides that:

> No employer shall discharge or in any other manner discriminate or retaliate against an employee for exercising any right under this section or any law or regulation implementing its provisions […] An action for equitable and monetary relief may be brought against an employer by […] an employee […] in any court of competent jurisdiction, […] for any violation of this section or any law or regulation implementing its provisions […] Where an employer is found by the state or a court to have violated any provision of this section, the employer shall within thirty days of the finding pay the employee back wages, damages, and the employee's costs and reasonable attorney's fees. Damages shall be calculated as an additional two times the amount of the back wages and in the case of a violation of an anti-retaliation provision an amount set by the state or court sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued.

85. R.C. § 4111.14(J) states that:

> In accordance with Section 34a of Article II, Ohio Constitution, damages shall be calculated as an additional two times the amount of the back wages and in the case of a violation of an anti-retaliation provision an amount set by the state or court sufficient to compensate the employee and deter future violations, but not less than one hundred fifty

dollars for each day that the violation continued. The "not less than one hundred fifty dollar" penalty specified in division (J) of this section shall be imposed only for violations of the anti-retaliation provision in Section 34a of Article II, Ohio Constitution.

86. Amazon unlawfully terminated Jackson after he made protected complaints about Amazon's failure to pay him.

87. Amazon violated R.C.§ 4111.13(B) and the Ohio Constitution and showed reckless disregard of their respective provisions concerning retaliation by taking adverse actions against Jackson because she engaged in protected activity.

88. As a result of Amazon' deliberate, unlawful, and willful acts as set forth above, Jackson has suffered a loss of earnings, earnings potential, other significant economic benefits, emotional distress, and is entitled to liquidated damages, including no less than $150.00 per day until this violation is corrected, attorney fees, and costs.

## PRAYER FOR RELIEF.

WHEREFORE, Plaintiff Cameren Jackson requests judgment in his favor against Defendant Amazon.com Service, LLC, containing the following relief:

(a) Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq;

(b) Awarding Jackson unpaid minimum wages, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

(c) An award of economic damages in an amount to be determined at trial to compensate Jackson for all monetary and/or economic damages resulting from his unlawful termination, including, but not limited to, the loss of past and future income, statutory damages, lost wages, compensation, and other benefits of employment;

(d) An award of non-economic damages for emotional distress, worry, anxiety and fearfulness caused by Amazon's retaliatory termination of Jackson;

(e) All statutory damages provided for by Section 34a of Article II, Ohio Constitution and Ohio R.C. § 4111.14(J);

(f) Awarding pre-judgment and post-judgment interest as provided by law;

(g) Awarding reasonable attorneys' fees and costs; and

(h) Awarding such other and further relief that this Court deems appropriate.

Respectfully submitted,

*/s/Chris P. Wido*
Chris Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**
3 Summit Park Drive, Suite 200
Independence, Ohio 44131
Phone: (216) 364-1330
Fax:    (216) 291-5744
Email: Chris.Wido@Spitzlawfirm.com

*Attorney for Plaintiff Cameren Jackson*

## JURY DEMAND

Plaintiff Cameren Jackson demand a trial by jury by the maximum number of jurors permitted.

 

*/s/Chris P. Wido*
Chris P. Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**